UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL A. BUSH,

    Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, *et al.*,

    Defendants.
                                /

Case No. 1:12-cv-192

Hon. Robert J. Jonker

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner incarcerated by the Michigan Department of Corrections ("MDOC") pursuant to 42 U.S.C. § 1983. All defendants in this action have been terminated except for Badawi Abdellatif, M.D., Daniel Spitters, P.A. and "unknown parties" named as "Jane and John Does." This matter is now before the court on two motions filed by defendants Abdellatif and Spitters (sometimes referred to as the "Corizon defendants"): a motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 41 (docket no. 40); and a "renewed" motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 41 (docket no. 42). Both motions seek dismissal because plaintiff has failed to prosecute this lawsuit. Defendants' motions are unopposed.[1]

    **I.**    **Background**

Plaintiff filed a complaint on March 1, 2012, alleging that the Corizon defendants and others violated his Eighth Amendment rights when treating rectal bleeding. *See* Compl. (docket no.

---

[1] The Court will address plaintiff's claims against the "Doe" defendants in a separate show cause order pursuant to W.D. Mich. LCivR 41.1.

1). In their motion, the Corizon defendants list a number of occasions in which plaintiff failed to cooperate in discovery. On July 13, 2012, the Corizon defendants issued a Request for Production attaching an authorization for plaintiff's signature to obtain his medical records from the MDOC. *See* Request for Production (docket no. 40-2). Plaintiff did not respond to this Request, which prompted defendants to send him a letter dated September 5, 2012, in an attempt to resolve the discovery dispute. *See* Letter (Sept. 5, 2012). When defendant did not respond to the letter, the Corizon defendants filed a motion to compel the Request for Production. *See* Motion to Compel (docket no. 27). Plaintiff did not respond to the motion.

On January 11, 2013, the Corizon defendants served plaintiff with their First Request for Admissions, which asked plaintiff:

> 1. Please admit you have abandoned your claims against Defendants.
>
> 2. Please admit that Dr. Badawi Abdellatif was not deliberately indifferent to your serious medical needs.
>
> 3. Please admit that Daniel Spitters was not deliberately indifferent to your serious medical needs.

*See* First Request for Admissions (docket no. 40-5).[2] There is no evidence that plaintiff ever responded to this request for admission. Corizon defendants point out that these requests have been admitted under Fed. R. Civ. P. 36(a)(3), which provides in pertinent part that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."

---

[2] The Court notes that the Corizon defendants included five other requests for admission which, though relevant to plaintiff's claims, are not necessary to address in this order.

While the motion to compel was pending and the First Request for Admissions were deemed admitted under Rule 36(a)(3), the Corizon defendants filed their first motion to dismiss. Plaintiff did not respond to this motion. The Court subsequently granted the motion to compel, directing plaintiff to sign a medical release and return it to defendants by no later than July 3, 2013. *See* Order (docket no.41).

The Corizon defendants filed their renewed motion to dismiss after plaintiff failed to provide the medical release as ordered. *See* Brief at p. 1 (docket no. 42). Plaintiff did not respond to the renewed motion to dismiss.

## II. Discussion

Defendants seek dismissal pursuant to Fed. R. Civ. P. 41, which provides in pertinent part as follows:

> **(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. Rules Civ. Proc. 41(b). "When contemplating dismissal under Rule 41(b), a court must consider: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Stough v. Mayville Community Schools*, 138 F.3d 612, 615 (6th Cir. 1998).

The record reflects that on June 18, 2012, plaintiff updated his address to reflect his release from prison, stating that he now resides at 400 Bagley Street, Apt. 1817 in Detroit. *See*

3

Change of Address (docket no. 8). Since that date, plaintiff has not opposed motions filed by any of the defendants (*see* docket nos. 18, 24, 27, 31, 35, 40 and 42) nor objected to either of the Reports which recommended granting motions for summary judgment against him (docket nos. 29 and 43 ). The Corizon defendants point out that plaintiff has failed to cooperate in discovery and ignored a Court order to produce documents: plaintiff did not respond to their Request for Production; plaintiff did not respond to their correspondence regarding outstanding discovery; plaintiff did not respond to their Motion to Compel; plaintiff did not respond to their First Request for Admissions; and plaintiff did not provide a signed medical release as ordered by the Court. While one Court order was returned as undeliverable to plaintiff's address in Detroit (i.e., a copy of a Court order granting a motion to seal (docket no. 39)), none of the other Court generated orders and reports were returned as undeliverable. Based on this record, the Corizon defendants assert that plaintiff's actions are not mistakes but rather evidence that he has abandoned this lawsuit.

Furthermore, the Corizon defendants point out that without plaintiff's authorization, they cannot obtain and use his prison medical record which is at issue in this lawsuit. MDOC Policy Directive 03.04.108 ¶ Q provides in pertinent part that "[h]ealth information shall be released only upon the prisoner's written authorization or a court order." Here, the Corizon defendants obtained a Court order as required by the Policy Directive, but plaintiff did not produce a medical release. Defendants point out that if plaintiff ignores correspondence and court orders, this case cannot be moved forward and that dismissal is warranted.

Based on the four factors listed in *Stough*, the court concludes that dismissal of plaintiff's claims for lack of prosecution is appropriate. First, the record demonstrates that plaintiff's failure to cooperate with the Corizon defendants is due to willfulness, bad faith, and his own fault. Plaintiff has refused to participate in discovery, flaunting both the Federal Rules of Civil Procedure

4

and a Court order. In addition, plaintiff has admitted that he has abandoned his claims against the Corizon defendants. Plaintiff's intent to abandon this lawsuit is further shown by his failure to contest any motion or Report and Recommendation. Second, defendants have shown that they have been prejudiced by plaintiff's refusal to respond to discovery. Plaintiff's claims against the Corizon defendants arise from his medical treatment, yet he refuses to release his medical records. Plaintiff's conduct has deprived defendants of the ability to defend themselves in this lawsuit. Third, plaintiff has been given fair warning that his failure to cooperate could lead to dismissal. Defendants have filed two motions to dismiss for lack of prosecution. He has opposed neither. Fourth, under the circumstances of this case, it is unclear what less drastic sanctions the court could impose, given plaintiff's total lack of interest in this litigation. Accordingly, defendants' motion to dismiss for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) should be granted.

### III. Recommendation

For the reasons set forth above, I respectfully recommend that defendants Badawi Abdellatif, M.D. and Daniel Spitters, P.A.'s motion to dismiss (docket no. 40) and renewed motion to dismiss (docket no. 42) be **GRANTED** and that they be **DISMISSED** with prejudice pursuant to Fed. R. Civ. P. 41(b).


Dated: January 3, 2014                    /s/ Hugh W. Brenneman, Jr.
                                          HUGH W. BRENNEMAN, JR.
                                          United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).